RAYMOND GUARINI AND DOMENICO CANDELA, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7342.   Promulgated May 26, 1927.

PRIVATE BANKERS.—Additions to capital and reserves required by state statutes governing private bankers, although set aside from current earnings, can not be deducted from the income of a banking partnership distributable to the partners.

*Gerald Morrell, Esq.*, for the petitioners.
*A. R. Marrs, Esq.*, for the respondent.

On August 19, 1925, the Commissioner issued a deficiency letter to Raymond Guarini, in which there were asserted deficiencies in income taxes for the year 1919 of $228.58, for the year 1920 of $2,415.59, and for the year 1921 of $55.20, and on the same date he issued a deficiency letter to Domenico Candela asserting deficiencies in income taxes for the year 1919 of $244.53, for the year 1920 of $2,046.13, and for the year 1921 no deficiency.

The issue presented for consideration here is whether a partnership carrying on business as private bankers may reduce the amount of partnership gains distributable to the partners by additions to the amounts required by the state law to be maintained as statutory reserves and capital including the amounts required to be assigned to the superintendent of banks under the provisions of the laws of the State of New York governing the conduct of the banking business.

Neither petitioner has complained of the adjustment of tax liability for the year 1921.

### FINDINGS OF FACT.

During the years here in question the petitioners were partners carrying on a private banking business in New York City under the name and style of Guarini & Candela.

For the year 1919 the partnership reported gross gains and profits from the said banking business in the amount of $41,051.52, and a net income, after the usual deductions of $25,549.58. For the purpose of showing the net taxable income available for distribution to the partners, they added the amount of premiums paid for life insurance; deducted nontaxable interest on Liberty bonds and municipal bonds and $4,054.66 required by the New York banking law to be set aside and maintained as an addition to the statutory surplus. The Commissioner made an adjustment for depreciation, which is not here in question, and restored the said sum of $4,054.66 to taxable income distributable to partners.

For the year 1920 the partnership reported gross income from banking operations $60,027 and net income, after the usual deductions, of $50,177.

During this year, under the requirements of the New York banking law, the partnership transferred to its capital account $20,000, and to its surplus account, required to be maintained under the said laws, $18,953.12, and reduced the amount of gains distributable to partners in the total sum of $38,953.12. The Commissioner made some adjustments for depreciation and interest exempt from tax, which are not here in question, and restored the said item of $38,953.12 to the amount of partnership gains and profits distributable to the partners.

### OPINION.

TRUSSELL: The Revenue Act of 1918, section 218 (a), provides:

That individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year * * *.

The record of this case establishes the fact, which also appears to be admitted, that the amounts here in controversy were a part of the gains and profits of a banking partnership during the respective years 1919 and 1920, and although agreeing that the said amounts were partnership gains and profits, petitioners contend that such amounts should not be treated as taxable income of the partners because the state statutes require them to add such amounts to their fixed capital and surplus, and that, therefore, these amounts were not distributable to the partners. This line of reasoning may seem to

have an element of plausibility but we are convinced that it is wholly unsound. The statutory requirements regarding the capital and surplus of a banking partnership may require additions to such capital and surplus from time to time and make it necessary for the partners to furnish such funds. The statutory requirement, however, is not that such additions to capital and surplus be taken out of current earnings, in fact such additions may be supplied from any other source, and the state statutory requirements would have to be complied with even though the business produced no gains and profits. We take it also to be true that when this partnership took from its current gains and profits the amounts here in controversy it did, in fact, first distribute such amounts to the partners, who thereupon paid in such amounts to the fixed capital and surplus of the partnership, and that the amounts in question were, therefore, distributed during the year in which they were earned, and there is no provision in any taxing statute permitting the deduction of such additions to capital or surplus from gross income.

> *The deficiencies in income taxes for the several years here under consideration are redetermined to be as follows: Raymond Guarini, for 1919, $228.58; 1920, $2,415.59; 1921, $55.20; Domenico Candela, for 1919, $244.53; 1920, $2,046.13; 1921, no deficiency, and judgment will be entered accordingly.*